THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JAMES COLEMAN, Defendant-Appellee.

First District (1st Division)   No. 1—93—0744

Opinion filed October 31, 1994.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, James E. Fitzgerald, and Sang Won Shim, Assistant State's Attorneys, of counsel), for the People.

Loraine A. Ray and Erika B. Cunliffe, both of Chicago, for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

Following a bench trial, defendant James Coleman was convicted of the attempted murder and the attempted armed robbery of the victim, Jimmy Love. The trial judge sentenced defendant to two

concurrent terms of 25 years' imprisonment. On appeal, this court affirmed defendant's convictions, but reduced the sentence imposed for the armed robbery to 15 years. Defendant then filed a petition for post-conviction relief on the ground that he had been denied the effective assistance of counsel. The State filed a motion to dismiss defendant's petition on the grounds that it contained insufficient allegations and defendant had waived his ineffective assistance argument by not raising it on direct appeal. The trial judge denied the State's motion and ordered an evidentiary hearing. After the hearing, the judge granted defendant a new trial and the State appealed. On appeal, the State contends: (1) that defendant's post-conviction petition should have been dismissed without an evidentiary hearing because he failed to attach affidavits to his petition or to explain their absence; (2) that defendant has waived review of his ineffective assistance of counsel claim because he could have raised the issue on direct review; and (3) that defendant was not denied the effective assistance of counsel.

The facts relevant to the disposition of this appeal are as follows: The victim testified that, on December 31, 1987, at approximately 1:20 a.m., two individuals robbed him in an alley at 1633 West 82nd Street in Chicago. He stated that one of the attackers pulled him from behind into the alley. According to the victim, he never saw this attacker and the individual who shot him was wearing a mask. He maintained, however, that the individual behind him referred to the masked attacker as "Beaver." He asserted that he knew a person nicknamed "Beaver" from the neighborhood. Subsequently, while the victim was at the hospital, police detectives showed him photographs of defendant, whose nickname was "Beaver." The victim identified defendant as his attacker.

Both defendant and his mother testified that they told defense counsel that there were at least two other individuals in the neighborhood whose nicknames also were "Beaver." Although defendant admitted that he ultimately consented to an "alibi" defense, evidence in the record shows that his attorney never attempted to interview these other people who were nicknamed "Beaver."

Defendant and his mother also both asserted that they gave defense counsel the names of six people who could testify in support of defendant's defense. The evidence in the record shows that defense counsel spoke with only one of these witnesses, Cynthia Harding, and never attempted to contact the others. Defendant's mother stated that she offered to bring these witnesses to defense counsel's office or to court, but that he told her he did not need to speak with them at the moment. At trial, defense counsel presented only the testimony

of defendant and Harding. Harding had been brought to court by defendant's mother. Defense counsel, however, had not subpoenaed Harding or any of the other witnesses. He also failed to request a continuance for the purpose of locating and bringing into court these other witnesses.

Defendant's mother also testified that she told defense counsel that she had heard that the victim had not been shot in the alley and that his car had been "riddled" with bullets. The record shows that defense counsel never pursued this lead either.

The evidence also shows that defense counsel never attempted to contact the victim, never investigated the crime scene, never explored the victim's criminal background, relied on defendant's mother to act as a "liaison" between him and the other witnesses, withdrew a motion to suppress the photographic identification of defendant and any statements made by defendant, and was unable to provide the court with his files and notes on the case because he had either forgotten or lost them.

In ruling that defendant was entitled to a new trial because defense counsel's representation fell "woefully short of that which is required in a criminal case," the trial judge stated:

> "I have no doubt about it, in my mind, at all, and if that is not, so then the law is an ass, for we mean then to say that any person who has a law degree is totally capable of picking up this case, and trying it, without any preparation, without any knowledge about it at all, and that appears to be the situation, insofar as [defendant] is concerned, based on the testimony of [defense counsel]."

■ The State's first contention on appeal is that the trial court erred in holding an evidentiary hearing to examine the merits of defendant's claim. The State argues that the trial court should have granted its motion to dismiss defendant's post-conviction petition because defendant failed to attach affidavits in support of his petition or, in the alternative, to explain the absence of such affidavits as required by the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1991, ch. 38, par. 122—2 (now 725 ILCS 5/122—2 (West 1992)); *People v. Jones* (1991), 210 Ill. App. 3d 375, 378, 569 N.E.2d 110, 112.) Defendant, on the other hand, merely asserts that the trial court did not abuse its discretion in holding an evidentiary hearing. It is our view, however, that the question of whether defendant should have been granted a hearing in the first instance is irrelevant.

We are unaware of any case which directly addresses the question of whether we should review a trial court's finding that a defendant is entitled to a post-conviction hearing after that hearing has already

taken place. In our opinion, however, once a hearing has been held and the trial court has ruled on the substantive issues raised in a defendant's post-conviction petition, then the preliminary issue of whether defendant is even entitled to such a hearing is moot. See *Hernandez v. New York* (1991), 500 U.S. 352, 359, 114 L. Ed. 2d 395, 405, 111 S. Ct. 1859, 1866 ("Once a prosecutor has offered a race-neutral explanation for the peremptory challenges and the trial court has ruled on the ultimate question of intentional discrimination, the preliminary issue of whether the defendant had made a prima facie showing becomes moot"); *United States Postal Service Board of Governors v. Aikens* (1983), 460 U.S. 711, 715, 75 L. Ed. 2d 403, 410, 103 S. Ct. 1478, 1482 ("Where the defendant has done everything that would be required of him if the plaintiff had properly made out a prima facie case, whether the plaintiff really did so is no longer relevant").

■ The State's second contention is that defendant waived review of his ineffective assistance of counsel claim because he could have raised the issue on direct review. Defendant, on the other hand, maintains that the issue is not waived because evidence of his attorney's incompetence was outside the record.

It is established law that the doctrine of *res judicata* precludes review in a post-conviction proceeding of all issues actually raised on direct review and the doctrine of waiver precludes review of those issues which could have been presented, but were not raised. (*People v. Davis* (1990), 203 Ill. App. 3d 129, 139, 560 N.E.2d 1072, 1078; *People v. Lee* (1989), 185 Ill. App. 3d 420, 427, 541 N.E.2d 747, 750.) The doctrines of *res judicata* and waiver do not apply, however, "to issues raised in a post-conviction petition which stem from matters outside the record and thus could not have been brought on direct appeal or where fundamental fairness requires relaxation of strict application of the doctrine[s]." (*People v. Taylor* (1988), 165 Ill. App. 3d 1016, 1019, 520 N.E.2d 907, 910.) Thus, when a defendant alleges ineffective assistance of counsel in his post-conviction petition on the grounds that his attorney failed to call certain witnesses or introduce certain evidence, the substance of which does not appear in the record, his claim could not have been brought on direct appeal and his allegations are not barred. *People v. Barr* (1990), 200 Ill. App. 3d 1077, 1079, 558 N.E.2d 778, 780; *People v. Edmonds* (1979), 79 Ill. App. 3d 33, 37, 398 N.E.2d 230, 233.

In this case, although several examples of defense counsel's alleged incompetence are based on matters in the record, the majority of defendant's arguments in support of his claim of ineffective assistance were outside the record, such as counsel's failure to call at

least five witnesses, failure to contact the victim, failure to investigate the crime scene, and failure to explore the victim's criminal background. Since defendant's claim of ineffective assistance requires an inquiry into matters outside the record, defendant is not barred from asserting this issue on post-conviction review. Moreover, in light of the factual matrix of this case, we believe fundamental fairness would require us to address the substance of defendant's claim.

■ The State's final contention on appeal is that defendant was not denied the effective assistance of counsel. The State asserts that defense counsel's performance was neither deficient nor prejudicial.

In order to prevail on a claim of ineffective assistance of counsel, a defendant must show (1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that, but for his attorney's deficient performance, a reasonable probability exists that the result of the proceeding would have been different. (*Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052; *People v. Albanese* (1984), 104 Ill. 2d 504, 473 N.E.2d 1246.) A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." (*Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068.) It has been held that the failure to adequately prepare for trial by not conducting an investigation or by failing to interview witnesses known to counsel whose testimony may potentially exonerate defendant can support an ineffectiveness claim. *Davis*, 203 Ill. App. 3d at 140-41, 560 N.E.2d at 1079; *People v. Barry* (1990), 202 Ill. App. 3d 212, 216, 559 N.E.2d 919, 922.

In this case, defense counsel did not conduct a pretrial investigation of any sort. Counsel did not contact the victim, did not investigate the alleged crime scene, did not explore the victim's criminal background, did not attempt to find the other men nicknamed "Beaver," and did not pursue information in his possession which indicated that the victim had not been attacked as he reported to the police, but actually had been shot in his car. Additionally, counsel never interviewed, subpoenaed or called as witnesses at least five people of whom he was aware that would testify to defendant's whereabouts at approximately the time of the occurrence. Moreover, the testimony of one witness would have provided defendant with an alibi at the exact time of the occurrence. In light of the fact that defendant presented an alibi defense at trial, this testimony would seem fairly important. We can attribute no conceivable valid trial strategy to counsel's conduct. In our opinion, the trial judge was correct when he stated that defendant "would have been better off with his mother defending him."

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL, P.J., and O'CONNOR, J., concur.