(No. 88471.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appel-
lant, v. JENNIFER R. SCHMALZ, Appellee.

*Opinion filed November 22, 2000.*

James E. Ryan, Attorney General, of Springfield, and Kevin W. Lyons, State's Attorney, of Peoria (Joel D. Bertocchi, Solicitor General, William L. Browers and Russell K. Benton, Assistant Attorneys General, of Chicago, and Norbert J. Goetten, John X. Breslin and Nancy Rink Carter, of the Office of the State's Attorneys Appellate Prosecutor, of Ottawa, of counsel), for the People.

Anthony M. Petrone, of Chicago, for appellee.

CHIEF JUSTICE HARRISON delivered the opinion of the court:

As petitioner, the State presents a single issue: whether the State's evidence was sufficient to prove the defendant, Jennifer R. Schmalz, guilty beyond a reasonable doubt of unlawful possession of cannabis (720 ILCS 550/4(a) (West 1996)) and drug paraphernalia (720 ILCS 600/3.5(a) (West 1996)). In the circuit court of Peoria County, following a bench trial the defendant was found

guilty of both offenses and sentenced to six months of nonreporting supervision. Defendant appealed, raising the sole issue of whether the State's evidence was insufficient to prove her guilty beyond a reasonable doubt.

On review the parties presented a brief agreed statement of facts, which we set forth in its entirety:

"A bench trial was held on December 18, 1997. The defendant-appellant Jennifer Schmalz was the only defendant in the trial. At that bench trail [*sic*], the court found the following facts:

Peoria Police Officer Baize, Star 794, testified that on August 28, 1997, he went to the address of 1209 North Underhill, Peoria, Illinois, in response to a call concerning a problem regarding a parked vehicle. While assisting other officers regarding that vehicle, he knocked on the door at that address. The building was a residential, single-family style house. After speaking with the young man who answered the door, Officer Baize asked for and received permission to enter that building and search for the driver of the vehicle.

Officer Baize entered the house and eventually started up an interior stairway leading to the upstairs portion of the house. While going up the stairs, he noticed smoke and smelled what he believed was burning marijuana.

Upon reaching the top of the stairs, Officer Baize noticed the smell was stronger. He turned into a bedroom to which the door was partially open, knocked and received a response of 'come in.' The bedroom was a very small room. In that bedroom were four persons (one male and three females), one of whom was the defendant. There was considerable smoke and haze, and the smell of burning marijuana, in that bedroom. The defendant was sitting on the floor. Two persons were sitting on a couch. The fourth person was sitting on a bed.

On the floor of that bedroom were items of drug paraphernalia (3 bongs), as well as three clear plastic bags containing crushed green plant. The defendant was sitting less than 12 inches from one of the bags; that bag and a bong were within the defendant's reach from where she was sitting. There were also other drug paraphernalia

items elsewhere in the bedroom. A fourth clear plastic bag was recovered from the couch in the bedroom after one of two persons sitting on the couch attempted to conceal something from the police. That person was not the defendant, and the police never saw defendant on that couch. The police officer asked 'what are you doing?' and the defendant stated 'we're having a party'. Officer Baize did not see any drinks, snacks or food in that bedroom. The officer then placed under arrest all four individuals in the bedroom, as well as the young man who had answered the door. Upon searching the remainder of the residence, the police found additional paraphernalia in other rooms of the residence. All five persons were charged with possession of drug paraphernalia and with misdemeanor possession of cannabis. The defendant was charged with possession of not more than 2.5 grams of marijuana under 720 ILCS 550/4(a).

Officer testified that his investigation revealed that the two males were the sole residents at that building. The three females, one of whom was the defendant, did not reside or stay at that location. The officer did not see any women's clothing in the closets of the residence.

Officer Baize testified that no marijuana or paraphernalia was recovered from the person of the defendant, or from any property, such as a purse or jacket, of the defendant. He did not see the defendant touch any marijuana or paraphernalia. The only room of the residence in which he saw the defendant (other than the rooms through which he escorted her after her arrest) was the bedroom in which he first saw her. He never saw her in, or exiting from, any of the other rooms from which drug paraphernalia items were recovered.

Officer Baize did not see who placed any of the paraphernalia or marijuana at the any [sic] of the places from which it was recovered, including the bedroom in which he saw the defendant sitting on the floor.

The parties stipulated that if called to testify, Jennie R. Hahn would testify as follows: as to her education, training, experience, credentials and qualifications in the field of forensic chemistry; that she is employed as a forensic scientist with the Illinois State Police; that on September

11, 1997, she received from the Peoria Police Department four plastic bags containing crushed green plant; she weighed the contents of all four bags, and all of those contents weighed 6.8 grams; she tested those contents, and the contents tested positive for the presence of cannabis. The parties also stipulated to the chain of custody of the paraphernalia and marijuana.

The prosecution then rested. No exhibits were offered or admitted into evidence. A defense motion for acquittal was denied. The defense then rested without presenting any evidence. After argument, Judge Stuart P. Borden found the defendant guilty of possession of drug paraphernalia and possession of cannabis (not more than 2.5 grams) and sentenced her to six (6) months non-reporting supervision, with the only conditions being payment of a $750.00 fine and $206 in costs (C. 19, 21).

On January 12, 1998, the defendant filed a Post-Trial Motion for Judgment of Acquittal, or, alternatively, Motion for a New Trial (C. 22, 23, 25). This motion was heard and denied on January 30, 1998 (C. 26). Notice of Appeal was filed that same day (C. 27)."

In *People v. Schmalz*, No. 3—98—0097 (1998) (unpublished order under Supreme Court Rule 23), the appellate court determined that the evidence was insufficient to prove defendant's unlawful possession, an essential element of both of the offenses, and accordingly reversed the judgment of the circuit court. In that disposition the appellate court concluded that defendant was not in actual possession of any cannabis or drug paraphernalia, having merely been seated in close proximity to contraband but not having been observed smoking or touching it. The appellate court concluded as well that the evidence failed to establish defendant's constructive possession of the contraband within her reach, where she was not in control of the premises, there being no evidence indicating that she was more than a mere visitor to the apartment or that she had ever exercised control over the premises.

This court denied the State's petition for leave to ap-

peal (183 Ill. 2d 589 (1999) (order upon denial of leave to appeal)), but in the exercise of our supervisory authority, directed the appellate court to vacate its order reversing the judgment of the trial court and to review the instant case in accordance with our decision in *People v. Adams*, 161 Ill. 2d 333 (1994).

On remand, the appellate court revisited the cause to determine whether the circuit court had erred in its conclusion that the State had proved beyond a reasonable doubt that the defendant was guilty of unlawful possession of cannabis and drug paraphernalia. The appellate court answered in the negative the question whether the State had met its burden of establishing that defendant was guilty of both offenses because she either was in constructive possession of the contraband or was accountable for the actions of those in her company. Accordingly, the appellate court reversed the judgment of the trial court entered upon defendant's convictions. 307 Ill. App. 3d 699. We allowed the State's petition for leave to appeal pursuant to Supreme Court Rule 315 (177 Ill. 2d R. 315). The State argues that the State's evidence supports a finding of actual possession and was, therefore, sufficient to prove defendant guilty of both offenses. We agree.

A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the guilt of the defendant. *People v. Collins*, 106 Ill. 2d 237, 261 (1985). When this court is presented with a challenge to the sufficiency of the evidence, it is not the function of this court to retry the defendant. *People v. Smith*, 185 Ill. 2d 532, 541 (1999); *Collins*, 106 Ill. 2d at 261. " '[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' "; " '[o]nce a defendant has

been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution.' " (Emphasis in original.) *Collins*, 106 Ill. 2d at 261, quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789 (1979). The requirement that a defendant's guilt be proved beyond a reasonable doubt does not mean that inferences flowing from the evidence should be disregarded. *People v. Frieberg*, 147 Ill. 2d 326, 361-62 (1992).

The Cannabis Control Act provides in part that "[i]t is unlawful for any person knowingly to possess cannabis" (720 ILCS 550/4 (West 1996)); the Drug Paraphernalia Control Act provides in part that "[a] person who knowingly possesses an item of drug paraphernalia with the intent to use it in ingesting, inhaling, or otherwise introducing cannabis or a controlled substance into the human body, or in preparing cannabis or a controlled substance for that use, is guilty of a Class A misdemeanor" (720 ILCS 600/3.5(a) (West 1996)). To sustain a charge of unlawful possession of either cannabis or drug paraphernalia, the State must prove that the defendant had knowledge of the presence of the cannabis or drug paraphernalia and that the defendant had the cannabis or drug paraphernalia in his immediate and exclusive possession or control. See *Frieberg*, 147 Ill. 2d at 360. Whether there is knowledge and whether there is possession or control are questions of fact to be determined by the trier of fact. *People v. Galloway*, 28 Ill. 2d 355, 358 (1963).

Mere proximity is not sufficient evidence of actual possession (*People v. Ray*, 232 Ill. App. 3d 459, 462 (1992)), and knowledge of the location of contraband is not the equivalent of possession but merely a necessary element of criminal possession (*People v. Jackson*, 23 Ill.

2d 360, 363-64 (1961)). Actual possession is the exercise by the defendant of present personal dominion over the illicit material (*People v. Brookhouse*, 289 Ill. App. 3d 1079, 1082 (1997)) and exists when an individual exercises immediate and exclusive dominion or control over the illicit material (see *People v. Gonzalez*, 313 Ill. App. 3d 607, 616 (2000)). Actual possession does not require present personal touching of the illicit material but, rather, present personal dominion over it. *People v. Clark*, 173 Ill. App. 3d 443, 451 (1988). The rule that possession must be exclusive does not mean that the possession may not be joint (*People v. Embry*, 20 Ill. 2d 331, 335-36 (1960)); if two or more persons share immediate and exclusive control or share the intention and power to exercise control, then each has possession (*People v. Scott*, 152 Ill. App. 3d 868, 871 (1987)). Where possession has been shown, an inference of guilty knowledge can be drawn from the surrounding facts and circumstances. *Jackson*, 23 Ill. 2d at 365. The fact of possession must be shown beyond a reasonable doubt. *Jackson*, 23 Ill. 2d at 365.

In the instant case, according to the parties' agreed statement of facts, a young man admitted Officer Baize to the single-family residence so that the officer could search for the driver of a parked vehicle. While ascending an interior stairway, he noticed smoke, smelled what he believed was burning marijuana, and noticed that the smell was stronger when he reached the top of the stairs. When he turned into an upstairs bedroom, the door to which was partially open, he knocked and received a response to "come in." In that very small room there was considerable smoke and haze, the smell of burning marijuana, and four persons, one of whom was the defendant, the only person sitting on the floor. The others were seated on a couch and on a bed in the room. On the floor of the bedroom were items of drug paraphernalia,

namely, three bongs, *i.e.*, pipes, as well as three clear plastic bags containing crushed green plant. A fourth clear plastic bag was recovered from the couch after one of the two persons sitting on it attempted to conceal something from the police. Elsewhere in the room were other items of drug paraphernalia. Defendant was sitting less than 12 inches from one of the plastic bags, which together with a bong, was within her reach as she sat there. Officer Baize saw no drinks, snacks, or food in the room, but when he asked, "[W]hat are you doing?" defendant responded, "[W]e're having a party." She did not say, *"They're* having a party."

We conclude that, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. As the trier of fact, the trial court could well have found that defendant had knowledge of the presence of the cannabis and of the drug paraphernalia and that she had the cannabis and drug paraphernalia in her immediate and exclusive possession or control. Given the evidence here, the trial court could properly have determined that defendant exercised present personal dominion over the illicit material, so that she was in actual possession of it. The evidence not being so improbable or unsatisfactory that it creates a reasonable doubt of the guilt of the defendant, we will not set the conviction aside.

For the foregoing reasons the judgment of the appellate court is reversed and the judgment of the circuit court is affirmed.

*Appellate court judgment reversed;*
*circuit court judgment affirmed.*