Marcelino MONTENEGRO, Petitioner,

v.

Steven BRYANT, warden of Graham Correctional Center,[1] Respondent.

No. 99–3127.

United States District Court, C.D. Illinois, Springfield Division.

Feb. 19, 2003.

1. According to Rule 2(a) of the Rules Governing Section 2254 Cases, petitions are filed against the person who has custody over the petitioner. The Attorney General of Illinois is not an appropriate respondent and he is dismissed.

Marcelino Montenegro, pro se, Hillsboro, IL, for Petitioner.

Mary Beth Burns, Chicago, IL, for Respondent.

*OPINION*

RICHARD MILLS, U.S. District Judge.

Cocaine cost Montenegro the American dream.

Petitioner was admitted to the United States in 1981 and later became a lawful permanent resident in 1987. Because of his conviction, Petitioner will be deported upon release from prison.

This cause is before the Court on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[2] The Court ordered Respondent to file an answer to the Petition and he has complied. Upon review of the pleadings and all of the exhibits, the Court concludes that an evidentiary hearing is not required. Pursuant to Rule 8 of the Rules Governing § 2254 cases, the Court will dispose of this petition based solely on the parties' submissions.

## I. BACKGROUND

Section 2254(e)(1) requires federal courts to give deference to the state court's factual determinations. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 546, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981) (holding this section applies to both trial and appellate court determinations). Accordingly, the Court's factual findings are based upon the facts as stated in the orders issued by the Illinois Appellate Court in both *People v. Montenegro*, No. 1–96–4418, 296 Ill.App.3d 1067, 244 Ill.Dec. 877, 726 N.E.2d 1188 (1998) and *People v.*

*Montenegro*, 305 Ill.App.3d 1106, 258 Ill. Dec. 504, 756 N.E.2d 486 (1999). Petitioner does not challenge these facts.

In February 1995, a confidential informant bought a small amount of cocaine from "Jose" in a house located at 401 South 45th Avenue in Northlake, Illinois. The house was rented by Petitioner Marcelino Montenegro. The informant advised the police of the sale and a warrant was executed at the house the next day. Police recovered 70 bricks of cocaine worth an estimated $6.5 million from the basement of Petitioner's house.

Petitioner was charged with possessing, with the intent to deliver, more than 900 grams of cocaine. Prior to the trial, Petitioner filed motions to quash the search warrant and for identification and production of the informant. The trial court denied all three motions. At trial, police officers testified they discovered three cartons of cocaine in a basement crawl space and one plastic bag filled with cocaine underneath the stairs leading from the basement to the kitchen. Petitioner testified he told officers at the time of his arrest that the cocaine belonged to Jose Garcia and that Petitioner agreed to sell it for $16,000 per kilogram. Petitioner claimed he made the statement in response to threats that his wife would be arrested and because the police called him a stupid Mexican. The police denied making these statements.

Petitioner was ultimately convicted and sentenced to twenty years in the state

---

**2.** Although this Petitioner requests relief under 28 U.S.C. § 2241, this Court will address the petition under 28 U.S.C. § 2254. The United States Supreme Court has held that "authority to grant habeas relief to state prisoners is limited by § 2254." *Felker v. Turpin*, 518 U.S. 651, 662, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Section 2254 and "all associated statutory requirements apply no matter what statutory label the prisoner has

given the case." *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir.2000), "Roughly speaking ... § 2254[is] the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because ... bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254." *Walker*, 216 F.3d at 633.

prison. Petitioner's conviction was affirmed by the Illinois Appellate Court. The Illinois Supreme Court denied the petition for leave to appeal on October 6, 1998. On February 22, 1999, the United States Supreme Court denied the petition for writ of certiorari. Petitioner's post-conviction petition was dismissed by the state trial court on March 31, 1998. The dismissal was affirmed by the Illinois Appellate Court on July 12, 1999 and the petition for leave to appeal was denied by the Illinois Supreme Court on July 5, 2000.

## II. PETITIONER'S CLAIMS

The petition for writ of habeas corpus was filed on August 11, 1999.[3] Petitioner makes five claims therein. First, Petitioner claims he was convicted in violation of the Sixth and Fourteenth Amendments because he was denied the right to confront the confidential informant. Second, Petitioner claims the warrant used to search his home was procured in violation of the Fourth and Fourteenth Amendments. Third, Petitioner claims he was denied a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) in violation of the Fourth and Fourteenth Amendments. Fourth, Petitioner claims he was convicted in violation of the Sixth Amendment because his trial counsel was ineffective. Lastly, Petitioner argues his appellate counsel provided ineffective assistance because he failed to argue the trial court improperly excluded evidence supporting Petitioner's defense.

## III. STANDARD

A petitioner is required to exhaust the remedies available in the state court unless there is an absence of an available state corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b)(1)(A). Petitioner exhausted his state court remedies by utilizing both a direct appeal and a post-conviction petition.

■ Once a petitioner exhausts his state court remedies, he may seek federal habeas review of his claims if they allege he is being held in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Before reviewing the substance of a petitioner's claim, the court must first address whether any of the claims have been procedurally defaulted. Procedural default can occur in three ways. First, when the petitioner presents an issue within a petition never before presented to the state court for review. *See Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir.1995). Second, when the petitioner failed to properly and fairly raise the federal element of an issue to the state court for review. *See Verdin v. O'Leary*, 972 F.2d 1467, 1472 (7th Cir.1992). Fair presentment of that claim "requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance" of the claim. *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir.1999). The petitioner must have placed both the operative facts and the controlling legal principles before the state courts. *See Ellsworth v. Levenhagen*, 248 F.3d 634, 639

---

**3.** The Clerk of the Court received the petition for habeas corpus and a motion to proceed *in forma pauperis* on June 11, 1999. The motion to proceed *in forma pauperis* was filed and subsequently denied. On July 22, 1999, the case was inadvertently dismissed. The Petitioner eventually paid the $5.00 filing fee and the petition for writ of habeas corpus should have been filed on the date the payment was received—August 11, 1999. It was not and the error was not discovered until April 4, 2002. Although April 4, 2002 is imprinted on the face of the petition, the Court is treating the petition as if it was filed on August 11, 1999.

(7th Cir.2001). Or third, when the state court previously disposed of an issue on an independent and adequate state law ground, such as a state procedural bar. *See Coleman v. Thompson,* 501 U.S. 722, 729–730, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Stewart v. Smith,* 536 U.S. 856, 122 S.Ct. 2578, 153 L.Ed.2d 762 (2002); *Braun v. Powell,* 227 F.3d 908, 912 (7th Cir.2000). The state court must have "clearly and expressly" relied on procedural default as the basis of its ruling. *Harris v. Reed,* 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). If the state would treat a claim as procedurally default barring further review, that default likewise bars federal review of the claim, even if it was never presented to the state court. Thus, "federal courts insist that the habeas petitioner respect the structure of the state court system, by complying with its rules and appellate scheme, before they will provide independent, collateral review of the petitioner's claims." *Cawley v. DeTella,* 71 F.3d 691, 694 (7th Cir.1995).

■ Federal courts may only review a defaulted claim if the petition shows cause for failure to raise the claim at the appropriate time and actual prejudice resulting from such failure. *See Reed,* 489 U.S. at 262, 109 S.Ct. 1038. Absent such a showing, a defaulted claim is reviewable only if refusal to consider it would result in a "fundamental miscarriage of justice," that is, where "a constitutional violation has probably resulted in the conviction of one who is actually innocent...." *Murray v. Carrier,* 477 U.S. 478, 495–96, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) (internal quotations and citations omitted). This standard requires a petitioner to show that it is more likely than not that no reasonable juror would have convicted him. *Schlup v. Delo,* 513 U.S. 298, 329, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *Rodriguez,* 193 F.3d at 917.

If a federal claim has been properly presented to the state courts, a federal court may grant habeas relief only if the state court's decision on the merits of an issue was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Brown v. Sternes,* 304 F.3d 677, 690 (7th Cir.2002); *Farmer v. Litscher,* 303 F.3d 840, 845 (7th Cir.2002).

A state-court decision is "contrary to" clearly established precedents if it "applies a rule that contradicts the governing law set forth in our cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." *Williams v. Taylor,* 529 U.S. 362, 405–406, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The Supreme Court clarified that even if "the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable." *Penry v. Johnson,* 532 U.S. 782, 793, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001). A state court is not required to cite Supreme Court cases or even be aware of the cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* —— U.S. ——, 123 S.Ct. 362, 365, 154 L.Ed.2d 263 (2002). "The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case." *Bell v. Cone,* 535 U.S. 685, 122 S.Ct. 1843, 1850, 152 L.Ed.2d 914 (2002).

## IV. ANALYSIS

As a preliminary matter, Petitioner's first three claims were raised on direct

appeal but were not relitigated in his post-conviction petition. A court in the Northern District of Illinois has recently concluded that such a course constitutes a waiver of the claims raised on direct appeal. *LeFlore v. Clark,* No. 99 C 3002, 2002 WL 31761396 (December 10, 2002) (holding that the claims could not be considered unless petitioner showed cause and prejudice). This Court disagrees.

The Seventh Circuit has long held that the filing of a post-conviction petition in Illinois is futile, because of *res judicata* and waiver, when a petitioner raises the same issues already rejected by the Illinois courts on direct review. *Britz v. Thieret,* 940 F.2d 226, 229 (7th Cir.1991). "The exhaustion requirement for federal habeas review requires petitioner fairly to present the merits of their claims to the state courts; it does not require them to partake of futile gestures." *Britz,* 940 F.2d at 229. The only time a petitioner must file a post-conviction petition is when " 'there is direct precedent indicating that under the particular circumstances of a prisoner's case the waiver [and res judicata] doctrine[s] will be relaxed.' " *Perry v. Fairman,* 702 F.2d 119, 121 (7th Cir.1983) (quoting *Williams v. Brantley,* 502 F.2d 1383, 1386 (7th Cir.1974)). The Supreme Court's holding in *O'Sullivan v. Boerckel,* 526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) does not change § 2254 jurisprudence in this respect. *Boerckel* answered a question not at issue here—whether "a prisoner must seek review in a state court of last resort when that court has discretionary control over its docket." *Boerckel,* 526 U.S. at 843, 119 S.Ct. 1728. The Supreme Court indicated that prisoners are only required to give state courts "one complete round of the State's established appellate review process." *Boerckel,* 526 U.S. at 845, 119 S.Ct. 1728 (reiterating that prisoners do not have to "ask the state for collateral relief, based on the same evidence and issues already decided by direct review") in order to satisfy 28 U.S.C. § 2254(c) (quoting *Brown v. Allen,* 344 U.S. 443, 447, 73 S.Ct. 397, 97 L.Ed. 469 (1953)).

■ This Court sees no reason to distinguish between a petitioner who avoids the Illinois post-conviction proceedings altogether and a petitioner who utilizes the proceedings but omits those claims already raised on direct appeal. Petitioner has not procedurally defaulted the first three claims of his federal habeas petition simply because he did not revive them in his Illinois post-conviction petition.

## A. *Denial of the Right of Confrontation*

Petitioner claims he was convicted in violation of the Sixth and Fourteenth Amendments because he was denied the right to confront the confidential informant. The Court must first determine whether Petitioner's claim is procedurally barred. This claim was raised in both the Illinois Appellate Court and in the Petition for Leave to Appeal to the Illinois Supreme Court and may be evaluated on its merits.

■ The trial court denied Petitioner's pretrial motion to disclose the identity of the informant. According to *McCray v. State of Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967), there is no constitutional right to the pretrial disclosure of an informant. Therefore, the trial court's decision was not "contrary to" or "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

At trial, the Petitioner filed a motion to produce the informant. The trial court denied the motion noting that while the search warrant's description of "Jose" did not fit Petitioner, the State had already

stipulated that Petitioner was not "Jose" and had not sold cocaine to the informant. The court found that although the informant was more than a "mere tipster," the informant's identity was not crucial to the defense because Petitioner was charged with possession of cocaine and not with the sale that took place between "Jose" and the informant. The trial court reviewed the confidential informant's file and determined that the informant's life would be in jeopardy if his identity were disclosed and stated that it had balanced Petitioner's right to a fair trial against the State's right to information from its confidential source. On appeal, the Illinois Appellate Court affirmed the trial court's decision noting that the trial court had correctly identified and balanced the factors articulated in *Roviaro v. United States*, 353 U.S. 53, 62, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

Petitioner does not claim that the state court's denial of his motion to produce the informant at trial was "contrary to" Supreme Court precedent—he just seeks another bite at the apple. In *Roviaro*, the Supreme Court tackled the confidential informant question and decided that courts need to balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Roviaro*, 353 U.S. at 62, 77 S.Ct. 623. Decisions must be made on a case-by-case basis, "taking into consideration the crime charged, the possible defense, the possible significance of the informer's testimony and other relevant factors." *Id.* "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair

determination of a cause, the privilege must give way." *Id.* at 60–61, 77 S.Ct. 623.

Here, the trial court balanced these factors. It concluded the informant's testimony regarding the sale in Petitioner's home was not significant to the defense because Petitioner was being tried under a theory of constructive possession. In Illinois, constructive possession exists when there is an intent and capability to maintain control and dominion over a controlled substance. *People v. Frieberg*, 147 Ill.2d 326, 361, 589 N.E.2d 508, 524, 168 Ill.Dec. 108, 124 (Ill.1992). More than one person can constructively possess the same substance. *People v. Schmalz*, 194 Ill.2d 75, 82, 740 N.E.2d 775, 779, 251 Ill.Dec. 489, 493 (Ill.2000) (holding that if "two or more persons share immediate and exclusive control or share the intention and power to exercise control, then each has possession"). Petitioner presented neither evidence nor argument that the informant would testify, based on the single drug transaction with "Jose," that Petitioner did not exert control and dominion over the cocaine located in the crawlspace of his basement.[4]

■ The trial court also concluded the informant's life was in jeopardy. The purpose of the "informer's privilege" is to encourage and protect those "citizens who communicate their knowledge of the commission of crimes to law-enforcement officials." *Roviaro*, 353 U.S. at 59, 77 S.Ct. 623. The trial court's decision was based on factors articulated in *Roviaro* and was not "contrary to" federal law. In addition, the court's application of the factors was not unreasonable. 28 U.S.C. § 2254(d).

---

**4.** The facts of this case are markedly different from *Roviaro*. Here, the informant was neither a participant in nor a witness to the crime charged. *Cf. Roviaro*, 353 U.S. at 64, 77 S.Ct. 623 (holding the trial court committed prejudicial error by permitting the Government to withhold the identity of an informant who participated in the crime charged and who could offer highly relevant testimony).

## B. *Invalid Search Warrant*

Petitioner alleges the search warrant was defective because the complaint, upon which it was based, was vague and uncorroborated. Petitioner's second claim is similar to his third claim (denial of a *Franks* hearing). However, the second claim was never raised independently in either Petitioner's direct appeal or post-conviction petition. As a result, this claim has been procedurally defaulted. Petitioner did not acknowledge the default and made no argument regarding cause or prejudice. In addition, Petitioner did not argue actual innocence. *Schlup v. Delo,* 513 U.S. 298, 329, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *Rodriguez,* 193 F.3d at 917. Based on the evidence presented at trial, there is no reason to believe that Petitioner is an innocent man who has been wrongly convicted. The officers testified to finding cocaine in the crawlspace of Petitioner's home and Petitioner admitted to possessing the cocaine with the intent to sell it. There has been no fundamental miscarriage of justice here.

## C. *Denial of Franks Hearing*

Petitioner claims he was denied a hearing pursuant to *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) in violation of the Fourth and Fourteenth Amendments. This claim was raised in both the Illinois Appellate Court and in the Petition for Leave to Appeal to the Illinois Supreme Court.

■ The Fourth Amendment requires a trial court to hold a *Franks* hearing if a defendant can make a preliminary showing that (1) a search warrant affidavit contained false information; (2) the false information was included in the affidavit intentionally or with reckless disregard for the truth; and (3) that the misrepresentations were necessary to the determination of probable cause to issue the warrant.

*Franks,* 438 U.S. at 155–56, 98 S.Ct. 2674. If, when "the affidavit's false material is set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded." *Franks,* 438 U.S. at 156, 98 S.Ct. 2674.

Normally, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell,* 428 U.S. 465, 482, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). A habeas petitioner has received an opportunity for full and fair litigation of his fourth amendment claim when:

> (1) the petitioner has clearly informed the state court of the factual basis for that claim and has argued that those facts constitute a violation of the petitioner's fourth amendment rights and (2) the state court has carefully and thoroughly analyzed the facts and applied the proper constitutional case law to the facts.

*Pierson v. O'Leary,* 959 F.2d 1385, 1391 (7th Cir.1992).

The record reveals that Petitioner clearly presented the factual basis for his Fourth Amendment claim and fully litigated it before the Illinois courts. At trial, Petitioner filed two *Franks* motions, accompanied by affidavits, arguing that he was never called "Jose" and did not sell narcotics in his home on February 1, 1995. In Petitioner's second *Franks* motion, he attached another affidavit adding that his home, excluding the garage, was rented from Jose Chaidez. Petitioner's wife's second affidavit stated that she left the house

three times on February 1, 1995.[5] The trial court examined the affidavits from Petitioner and his wife and the search warrant complaint and concluded Petitioner failed to make the substantial preliminary showing necessary to obtain a *Franks* hearing. After reviewing the applicable body of law, the Illinois appellate court upheld the trial court's decision.

■ As Petitioner had an opportunity for "full and fair litigation" of his Fourth Amendment claim, he is not entitled to federal habeas review of his claim. *Stone,* 428 U.S. at 482, 96 S.Ct. 3037.

### D. *Ineffective Assistance of Trial Counsel*

Petitioner asserts that his Sixth Amendment right to effective assistance of counsel was violated. This claim was first raised in Petitioner's post-conviction petition. The petition was summarily dismissed by the trial court.

Generally, in post-conviction proceedings, all issues actually decided on direct appeal are res judicata, and all issues which could have been raised in the original proceeding, but were not, are waived. *People v. Mahaffey,* 194 Ill.2d 154, 170, 742 N.E.2d 251, 261, 252 Ill.Dec. 1, 11 (Ill. 2000). However, where facts relating to the issue of incompetency do not appear of record, the waiver rule is relaxed. *People v. Orange,* 168 Ill.2d 138, 149, 659 N.E.2d 935, 940, 213 Ill.Dec. 589, 594 (Ill.1995).

Here, Petitioner asserts his counsel was ineffective because he (1) failed to interview potentially favorable witnesses (2) conditioned assistance on payment and (2) was being investigated by the Attorney Registration and Disciplinary Commission (ARDC). This claim was properly raised in the post-conviction petition.[6] *People v. Coleman,* 267 Ill.App.3d 895, 898–899, 642 N.E.2d 821, 824, 204 Ill.Dec. 920, 923 (1994) (holding claim that counsel was ineffective for failing to call five witnesses was properly raised in a post-conviction petition rather than on direct appeal); *People v. Sanchez,* 329 Ill.App.3d 59, 67, 768 N.E.2d 99, 106, 263 Ill.Dec. 339, 346 (2002) (stating that a claim for ineffective assistance based on an ARDC investigation is generally reserved for post-conviction petition); *Gornick v. Greer,* 819 F.2d 160, 161 (7th Cir.1987) (recognizing that ineffective assistance claims involving failure to present witnesses can be raised in a post-conviction petition).

■ Petitioner appealed the dismissal of his petition to the Illinois Appellate Court and filed a Petition for Leave to Appeal, raising the same issue, to the Illinois Supreme Court. Petitioner has not defaulted his claim for ineffective assistance of counsel. *See Cruz v. Warden of Dwight Correctional Center,* 907 F.2d 665, 669 (7th Cir.1990).

■ Petitioner alleges his trial counsel was ineffective because he failed to interview three witnesses who, Petitioner claimed, would have testified the cocaine was discovered in the garage. The state court found the argument unpersuasive for two reasons. First, Petitioner failed to support his claim with affidavits from these witnesses. Second, if the witnesses had so testified at trial, Petitioner's wife's testimony established Petitioner's domin-

---

**5.** Petitioner's wife's earlier affidavit indicated she never left the house on February 1, 1995.

**6.** The trial court apparently drew this conclusion because instead of stating Petitioner's claim was waived, the trial court summarily dismissed the petition for failure to state the gist of a meritorious constitutional claim—a showing necessary to survive dismissal. *See People v. Gaultney,* 174 Ill.2d 410, 418, 221 Ill.Dec. 195, 675 N.E.2d 102 (Ill.1996).

ion and control over the garage was sufficient to support a constructive possession conviction even under that theory.

Petitioner sought to bolster his claim by alleging counsel conditioned his assistance on the payment of fees and provided ineffective assistance because he was working under the strain of an ARDC investigation. Petitioner alleged these elements influenced counsel's decision to not interview the favorable witnesses described above. Having already determined Petitioner was not prejudiced by the absence of the witnesses' testimony at trial, the state court found conjecture as to why counsel failed to interview the witnesses superfluous.

In order to prevail on his ineffective assistance of counsel claim, Petitioner must establish (1) attorney's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A "reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Williams v. Davis*, 301 F.3d 625, 631–632 (7th Cir.2002) quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. However, "because counsel is presumed effective, a party bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir.1995).

Both the Supreme Court and the Seventh Circuit have recommended that if it is easier to dispose of the ineffective assistance claim on the prejudice prong of the *Strickland* test, prejudice should be addressed first. Such a course of action would obviate the need to rule on the more difficult and elusive question of performance. *Strickland*, 466 U.S. at 697, 104

S.Ct. 2052; *United States ex rel. Cross v. DeRobertis*, 811 F.2d 1008, 1014 (7th Cir. 1987).

Under 2254(d)(1), Petitioner must prove that *Strickland* was not applied or that *Strickland* was applied in an objectively unreasonable manner. *Bell*, 122 S.Ct. at 1852. The Illinois Appellate Court upheld the summary dismissal of the claim because Petitioner failed to prove he was prejudiced by his counsel's actions. Having determined that *Strickland* was applied, this Court is left to evaluate whether that application was objectively reasonable.

This Court finds the application reasonable. Petitioner's attempt to prove prejudice via hypothetical witnesses and a legally insignificant theory falls short of the *Strickland* standard. Petitioner failed to prove he was prejudiced by his counsel's allegedly ineffective assistance.

E. *Ineffective Appellate Counsel*

■ Petitioner also claimed his appellate counsel was ineffective for failing to argue the trial court erred when it excluded evidence supporting the defense's theory that the cocaine belonged to Petitioner's landlord. This claim was raised for the first time when Petitioner appealed the dismissal of his post-conviction petition. The Illinois Appellate Court held the claim was waived because Petitioner failed to raise it in the original post-conviction petition. *See* 725 ILL. COMP. STAT. § 5/122–3 (stating that "any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived"). Because a state court declined to reach the merits of the petitioner's claim, the waiver constitutes an independent and adequate state-law ground and bars federal habeas relief unless Petitioner can show cause and prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 729–30,

111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Petitioner makes no effort to show cause and prejudice but requests the Court review the claim to prevent a fundamental miscarriage of justice.

Again, the strength of the evidence introduced at trial is clear. Petitioner claims the trial court prevented him from introducing evidence that (1) the cocaine came from the garage—not the basement; and (2) Petitioner's family and his landlord enjoyed joint access to the garage. The trial court allowed Petitioner's wife and ten-year-old son to testify that officers brought a box of cocaine into the house from outside.[7] The trial court refused additional testimony on the issue because even if the cocaine was found in the garage, Petitioner's possession of a garage key and his use of the building was sufficient evidence to conclude that Petitioner exerted dominion and control over the garage. There is no reason to believe the appellate counsel's decision to not appeal the court's ruling fell below the *Strickland* standard of reasonable competence. *Strickland*, 466 U.S. at 689–90, 104 S.Ct. 2052. Because there is nothing to show that Petitioner was wrongly convicted, or in fact denied meaningful representation on appeal, the Court risks no fundamental miscarriage of justice by insisting that Petitioner should have presented his claims in the original post-conviction petition.

*Ergo,* the Petition for Writ of Habeas Corpus is DENIED.

---

7. Another witness testified that from where Petitioner's wife was sitting at the time, she would have been unable to determine whether the officers brought the box from the basement or the garage. The balance of the evidence indicated the cocaine was seized from Petitioner's basement.