**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180181-U

Order filed September 9, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 9th Judicial Circuit, McDonough County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Appeal No. 3-18-0181 Circuit No. 17-CF-148 |
| JASON T. BEANS, | ) ) | Honorable Heidi A. Benson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE O'BRIEN delivered the judgment of the court.
Justices Schmidt and Wright concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*: The State proved defendant guilty of unlawful possession of methamphetamine beyond a reasonable doubt.

¶ 2    Defendant, Jason T. Beans, appeals his conviction for unlawful possession of methamphetamine. Defendant argues the evidence was insufficient to prove him guilty of the offense. We affirm.

¶ 3                              I. BACKGROUND

¶ 4    The State charged defendant with unlawful possession of methamphetamine (720 ILCS 646/60 (West 2016)). At a bench trial, Rebecca Howell testified that she, defendant, Holly Mason, and Joe Simpson went to Mason's apartment at approximately 1 a.m. Howell testified that she, Mason, and Simpson smoked methamphetamine from a glass pipe while at the apartment, but defendant abstained. Simpson also snorted methamphetamine off a laptop screen using a rolled up dollar bill before passing the laptop around. Howell assumed that defendant saw Simpson snorting methamphetamine off the laptop screen because nothing would have prevented him from doing so. At approximately 1:45 a.m., police officers entered the apartment, questioned the four individuals, and arrested them.

¶ 5    Deputy Sam Moore of the McDonough County Sheriff's Office testified that he attempted to execute an arrest warrant for another individual who was purportedly in Mason's apartment on the night in question. Moore testified that he observed defendant and the others from approximately six to eight feet away, through the apartment's uncovered glass patio door. All four individuals sat around a coffee table. Moore witnessed Howell, Mason, and Simpson use a glass pipe to smoke what he believed to be a controlled substance. Moore observed defendant sitting on the floor with an open laptop resting in his lap. The laptop screen was dark, leading Moore to believe the computer was not turned on. A powdery residue was smeared across the screen. A rolled up dollar bill lay on the keyboard. After making these observations, Moore entered the apartment, questioned the four individuals, and arrested them.

¶ 6    Moore executed a search warrant on the apartment, recovering the glass pipe, the laptop in defendant's possession, the rolled up dollar bill, and a blue baggie containing a white, powdery substance. Each item, including the residue found on the laptop screen, field-tested positive for

methamphetamine. The Illinois State Police crime laboratory confirmed the field test results regarding the powder in the blue baggie and the residue on the laptop screen.

¶ 7    The circuit court found defendant guilty of unlawful possession of methamphetamine, stating:

> "Howell testified that *** Simpson was using the laptop to line and snort the meth. That was when the group was all gathered around the coffee table and Defendant was certainly in that group. So the Court believes that the Defendant saw *** Simpson using the laptop really as an item of drug paraphernalia to line and to snort the meth."

The court sentenced defendant to five years' imprisonment. Defendant appeals.

¶ 8                               II. ANALYSIS

¶ 9    Defendant argues the State failed to prove beyond a reasonable doubt that he knowingly possessed the trace amount of methamphetamine found on the laptop. We disagree. The evidence, viewed in the light most favorable to the State, cannot be said to be insufficient to prove defendant guilty beyond a reasonable doubt of possession of methamphetamine.

¶ 10   "A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt." *People v. Collins*, 106 Ill. 2d 237, 261 (1985). It is not the reviewing court's role to retry defendant. *Id.* Instead, we must ask whether, " 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The trier of fact need not "search out a series of potential explanations compatible with innocence, and elevate them to the status of a reasonable doubt." *People v. Russell*, 17 Ill. 2d 328, 331 (1959).

3

¶ 11    A person commits unlawful possession of methamphetamine by knowingly "possess[ing] methamphetamine or a substance containing methamphetamine." 720 ILCS 646/60(a) (West 2016). Knowledge and possession "are questions of fact to be determined by the trier of fact." *People v. Schmalz*, 194 Ill. 2d 75, 81 (2000); *People v. Galloway*, 28 Ill. 2d 355, 358 (1963) ("Whether there is possession and whether there is knowledge are both questions of fact to be determined by the jury, or by the court where a jury is waived.").

¶ 12    Moore testified that he observed defendant sitting alongside three individuals who were smoking methamphetamine while defendant held a laptop in an open position with a rolled up dollar bill resting on the keyboard. There was a smeared powdery substance on the screen of the laptop. Field testing established that the powdery residue was methamphetamine. Howell's testimony established that defendant knew the powdery substance was methamphetamine and corroborated Moore's observation of defendant's physical possession. Even if the court did not find Howell's testimony to be credible, the rolled up dollar bill and powdery residue on the laptop screen comprised sufficient circumstantial evidence for the court to reasonably infer that defendant knew the powder was methamphetamine. This is true even if defendant believed Howell and the other two individuals had consumed all of the drugs leaving nothing on the screen since a conviction of possession of a controlled substance can be sustained upon evidence of possession of even a trace amount of a controlled substance. See *People v. Nemecek*, 277 Ill. App. 3d 243, 247 (1995) ("[T]he prosecution is not required to establish a precise amount, but only that some quantity of a controlled substance is present. There is no minimum required quantity that must be proved to sustain a conviction.").

¶ 13    Therefore, these facts, viewed in the light most favorable to the State, were sufficient to prove beyond a reasonable doubt that defendant knowingly possessed methamphetamine.

¶ 14                                   III. CONCLUSION

¶ 15          The judgment of the circuit court of McDonough County is affirmed.

¶ 16          Affirmed.