THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WALLACE BUTCHER, Defendant-Appellant.

First District (3rd Division)   No. 1—88—3119

Opinion filed December 30, 1992.

508

Julius Lucius Echeles, of Chicago (Frederick F. Cohn, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Michael Latz, and Michael Falagario, Assistant State's Attorneys, of counsel), for the People.

JUSTICE TULLY delivered the opinion of the court:

Defendant Wallace Butcher was convicted of two counts of armed robbery (Ill. Rev. Stat. 1985, ch. 38, par. 18—2(a)) and two counts of aggravated battery (Ill. Rev. Stat. 1985, ch. 38, par. 12—4(b)(10)) in a jury trial and sentenced to two separate terms of 25 years' imprisonment for each of the armed robbery counts and two separate terms of 10 years' imprisonment for each of the aggravated battery counts, all sentences to run concurrently. On appeal, defendant contends that: (1) he was deprived of his constitutional right to effective assistance of counsel; (2) the trial court's denial of his motion for a continuance on the day of trial was improper; (3) the jury was tainted by evidence of defendant's prior encounters with the police, including having been previously charged with murder; (4) his right of confrontation was denied when the trial court refused to allow him to test an eyewitness' ability to observe by preventing cross-examination as to the description of persons in the police lineup; and (5) his sentence for aggravated battery was improper. We reverse and remand.

On March 26, 1987, two men robbed the Robert's Jewelers store in Chicago and brutally beat its owners, Raymond and Evelyn Morris, into unconsciousness. Neither of the victims could identify the assailants. The State claims that one of the offenders was the defendant. Defendant asserts that he had no involvement with this crime and has been identified mistakenly as one of the robbers.

We turn to defendant's contention that his constitutional right to effective assistance of counsel was denied. The Illinois Supreme Court

in *People v. Albanese* (1988), 125 Ill. 2d 100, 531 N.E.2d 17, adopted the standard set forth by the United States Supreme Court in *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, for determining whether a criminal defendant was denied effective assistance of counsel. The court in *Albanese* summarized the *Strickland* standard as the following:

> "*Strickland* advances a two-component standard. The first component is to prove that counsel's representation fell below an objective standard of reasonableness such that the trial results were unreliable. Under the second component, the defendant must prove that he was prejudiced by the unprofessional conduct; that is, he must show, but for the attorney's unprofessional errors, the results of the trial would have been different." *Albanese*, 125 Ill. 2d at 106, citing *Strickland*, 466 U.S. at 687, 694, 80 L. Ed. 2d at 693, 698, 104 S. Ct. at 2064, 2068.

■ In determining whether counsel's representation fell below an objective standard of reasonableness, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." (*Strickland*, 466 U.S. at 688, 80 L. Ed. 2d at 694, 104 S. Ct. at 2065.) In making this assessment, "[j]udicial scrutiny of counsel's performance must be highly deferential"; a court must resist the temptation to second-guess counsel's actions and avoid the distorting effects of hindsight. *Strickland*, 466 U.S. at 689, 80 L. Ed. 2d at 694, 104 S. Ct. at 2065.

■ In making the determination whether there was prejudice by counsel's unprofessional conduct, a defendant bears the burden of proving that there exists "a probability sufficient to undermine confidence in the outcome" and that, absent counsel's errors, "the factfinder would have had a reasonable doubt respecting guilt." *Strickland*, 466 U.S. at 694-95, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068-69.

In our application of the foregoing authorities to defense counsel's conduct of the case *sub judice*, we are mindful of the fact that this case is not one in which the evidence of guilt can fairly be said to be overwhelming. This case is, in fact, one in which the evidence was very closely balanced, for although the State presented witnesses in an attempt to connect defendant with the crime, there were discrepancies among their descriptions of the alleged assailant and also with the physical characteristics of defendant. One witness, Ralph Martinelli, stated the assailant in question had a mustache; two others, Joseph and Mary Eddler, stated that he did not. The defendant had no mustache. None of the witnesses called by the State described

a prominent long scar that defendant has on the left side his face and neck. Additionally, the defense called a witness, Tina Fiordaliso, who testified that defendant was not one of the two assailants and that the robbers were of Hispanic origin with "olive" complexions and black hair. The defendant is a non-Hispanic Caucasian with a fair complexion and light brown hair.

■ Contrary to the State's assertion, trial counsel's failure to subpoena and secure the testimony of two additional witnesses who could corroborate and buttress Fiordaliso's testimony cannot be attributed to a professionally reasonable tactical decision. We cannot conceive of any sound reason for failing to have these witnesses at trial given that the State's case hinged entirely on the identification of defendant as one of the assailants. Nor do we agree with the State that the consequence of defense counsel's omission did not prejudice defendant. We believe, given the closeness of this case, that there is a reasonable probability that these additional corroborating witnesses would have raised a reasonable doubt respecting guilt; thus, failure to present them was failure to render effective representation. *People v. Solomon* (1987), 158 Ill. App. 3d 432, 511 N.E.2d 875.

In addition to the aforementioned error, defense counsel elicited prejudicial, irrelevant, and otherwise inadmissible testimony from defendant that defendant had a prior arrest record for murder. Here again, we can perceive no sound trial stratagem that would call for such an action by defense counsel. We are of the opinion that such testimony compounded the failure of defense counsel to secure the corroborating witnesses to the prejudice of defendant.

In light of the foregoing, the judgment of the circuit court of Cook County is reversed, and this cause is remanded for a new trial. Having determined that defendant is entitled to a new trial, we need not address his other contentions.

Reversed and remanded.

RIZZI and CERDA, JJ., concur.