SIXTH DIVISION 

June 3, 2005

No. 1-03-2266

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee, 

v.

DANIEL MAKIEL,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

Joseph Macellaio,

Judge Presiding.

JUSTICE O’MARA FROSSARD delivered the opinion of the court:

Following a jury trial defendant was found guilty of first degree murder and armed robbery.  He was sentenced to natural life in the Illinois Department of Corrections for murder and consecutively to 60 years for armed robbery.  On appeal defendant argued his statement should have been suppressed, the trial court erred in excluding witness testimony, and the prosecution made improper remarks in closing argument. 
 People v. Makiel
, 263 Ill. App. 3d 54, 55, 72-73 (1994).  We affirmed on these issues, but remanded the case for
 voir dire
 of the excluded witness to determine the competence and relevance of the excluded witness.  The trial court on remand conducted a hearing and held that the testimony of the witness was not relevant and we affirmed. 
 People v. Makiel
, No. 1-97-2140 (1998) 
(unpublished order under Supreme Court Rule 23). 

Defendant filed a post-conviction petition on June 30, 1995.  It was stayed pending the completion of the appeal, which, as noted above, was affirmed.  The petition was supplemented.  The State filed a motion to dismiss.  In April 2002, defendant filed his final motion to supplement the petition.  The State filed a supplemental motion to dismiss.  The circuit court granted the State’s motion.  Defendant appeals. 

On appeal of the dismissal of the petition at the second stage of the post-conviction process, defendant makes the following arguments: (1) an evidentiary hearing was required because the circuit court improperly relied on evidence outside the record regarding defendant’s allegation that trial counsel was ineffective for failing to interview or call Sam Illich as a witness; (2) an evidentiary hearing should have been conducted on defendant’s allegation that appellate counsel was ineffective for failing to challenge the trial court’s exclusion of evidence that prosecution witness Allen Martin lied when he denied having a pending forgery charge; and (3) an evidentiary hearing should have been conducted regarding defendant’s allegation that appellate counsel was ineffective for failing to challenge the trial court’s exclusion of defense witness Brian Spodach from providing testimony of character evidence.  We address each argument in turn. 

BACKGROUND

Defendant was found guilty of the murder and armed robbery of Katherine Hoch, which occurred on October 19, 1988, at the Mobil gasoline station she managed in Calumet City, Illinois.  The facts surrounding this case are fully discussed in
 People v. Makiel
, 263 Ill. App. 3d 54 (1994), and will be repeated here as they relate to the issues raised in the instant post-conviction appeal.

POST-CONVICTION HEARING ACT

The Post-Conviction Hearing Act (Act) (725 ILCS 6/122-1 
et seq. 
(West 2000)) provides a mechanism by which criminal defendants can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution and the Illinois Constitution.
 People v. Mahaffey
, 194 Ill. 2d 154, 170 (2001).  A post-conviction petition is a collateral attack on a prior conviction. 
 Mahaffey
, 194 Ill. 2d at 170.

In a noncapital case, the Act creates a three-stage procedure for post-conviction relief.  
 People v. Boclair
, 202 Ill. 2d 89, 99 (2002).  At stage one, the trial court, without input from the State, examines the petition to determine whether it is frivolous or patently without merit.  725 ILCS 5/122-2.1 (West 2000).  If the petition is not dismissed at stage one, it proceeds to stage two, where section 122-4 of the Act provides for the appointment of counsel for an indigent defendant.  725 ILCS 5/122-4 (West 2000).  At stage two the State has the opportunity to either answer or move to dismiss the petition (725 ILCS 5/122-5 (West 2000)), and the trial court determines whether the petition makes a substantial showing of a constitutional violation (
People v. Coleman
, 183 Ill. 2d 366, 381 (1998)).  If the petition is not dismissed at stage two, it proceeds to stage three, where the trial court conducts an evidentiary hearing.  725 ILCS 5/122-6 (West 2000).  

The instant case presents an appeal from the dismissal of a petition at the second stage of the post-conviction process.  Defendant contends the circuit court erred in dismissing his post-conviction petition without an evidentiary hearing. 
 A defendant is not entitled to an evidentiary hearing on a post-conviction petition as a matter of right.  
People v. Albanese
, 125 Ill. 2d 100, 105 (1988).  “[A] hearing is required only when the allegations of the petition, supported by the trial record and accompanying affidavits, make a substantial showing of a violation of a constitutional right.” 
 People v. Hobley
, 182 Ill. 2d 404, 427-28 (1998).  All well-pleaded facts are taken as true at this stage; therefore, the summary dismissal of a post-conviction petition is subject to
 de novo
 review. 
 Coleman
, 183 Ill. 2d at 380-81.

Issues that were decided on direct appeal are barred by the doctrine of 
res judicata
 and issues that could have been raised on direct appeal, but were not, are deemed waived.  
People v. Towns
, 182 Ill. 2d 491, 502-03 (1998). 
 The doctrines of 
res judicata
 and waiver will be relaxed “where fundamental fairness so requires.”  
People v. Gaines
, 105 Ill. 2d 79, 91 (1984).  Where the alleged waiver stems from the incompetence of appellate counsel, the doctrine is relaxed.  
People v. Barnard
, 104 Ill. 2d 218, 229 (1984).  The rule is also relaxed when the facts relating to the claim do not appear on the face of the original appellate record.  
People v. Eddmonds
, 143 Ill. 2d 501, 528 (1991).  A claim may survive waiver as the result of any one of these three exceptions. 
 People v. Whitehead
, 169 Ill. 2d 355, 372 (1996).
  The Illinois Supreme Court has repeatedly recognized that waiver or procedural default may not preclude an ineffective assistance claim for what trial or appellate counsel allegedly ought to have done in representing a criminal defendant.  See
 People v. Erickson
, 161 Ill. 2d 82, 88 (1994) (and cases cited therein).

In the instant case, defendant’s allegations involve claims of ineffective assistance of trial and appellate counsel.  Such claims are resolved by application of the 
Strickland
 standard.  
Strickland v. Washington
, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984).  A defendant must demonstrate both a deficiency in counsel’s performance and prejudice resulting from the deficiency. 
 People v. Edwards
, 195 Ill. 2d 142, 162 (2001), citing
 Strickland
, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064.  Claims of ineffective assistance of appellate counsel are measured against the same standard.
  People v. Caballero
, 126 Ill. 2d 248, 269-70 (1989).  

To demonstrate performance deficiency, a defendant must establish that counsel’s performance was below an objective standard of reasonableness. 
 Edwards
, 195 Ill 2d at 163.  Prejudice is demonstrated if there is a reasonable probability that, but for counsel’s deficient performance, the result of the proceeding would have been different. 
 Strickland
, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068.  “A reasonable probability is a probability sufficient to undermine confidence in the outcome, namely, that counsel’s deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair.”  
People v. Enis
, 194 Ill. 2d 361, 376-77 (2000), citing
 Strickland
, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068.  
The defendant must overcome a “strong presumption” that his lawyer’s conduct falls within the wide range of reasonable professional assistance and that the challenged conduct constitutes sound trial strategy.  
Strickland
, 466 U.S. at 689, 80 L. Ed. 2d at 694, 104 S. Ct. at 2065.  

Based on the second-stage procedural posture of the instant case, the relevant question is whether the allegations of the petition, supported by the trial record and the accompanying affidavits, demonstrate a substantial constitutional deprivation which requires an evidentiary hearing. 
 Coleman
, 183 Ill. 2d at 381.

I. Ineffective Assistance of Trial And Appellate Counsel; 

Improper Fact Finding Based on Evidence Outside Record

Both defendant’s original and supplemental petition alleged he was denied effective assistance of counsel as guaranteed by the United States and Illinois Constitutions as follows: “Trial counsel should have subpoenaed and provided transportation for Sam Illich to appear at trial.  Illich was crucial to the defense case in that he denied being with defendant and Hlinko the night of the murder, thus undermining the State’s theory of the case.”  Defendant further alleged he was denied effective assistance of appellate counsel “to the extent appellate counsel failed to raise” the above noted issue.

A. Ineffective Assistance of Counsel

A defendant is guaranteed the right to the effective assistance of counsel under the United States and Illinois Constitutions.  U.S. Const., amends. VI, XIV; Ill. Const. art. I, § 8.  Failure to subpoena witnesses known to defense counsel who contradict the State’s case or provide exonerating testimony demonstrates ineffective assistance of counsel. 
 People v. Butcher
,
 
 240 Ill. App. 3d 507 (1992).  In the instant case, Todd Hlinko was the key State witness.  The State obtained Hlinko’s testimony after Illich was acquitted.  The State dismissed the murder and armed robbery charges against Hlinko in exchange for his testimony against Makiel.  The State agreed to a five-year sentence on Hlinko’s pending drug charge to run concurrent with a five-year sentence he was serving for a violation of conditional discharge for aggravated battery.  

Illich’s affidavit indicates that he would have directly contradicted Hlinko.  Illich would testify, according to his affidavit, that he was not with Makiel or Hlinko on the night of the shooting, contrary to Hlinko’s testimony.  Also, Illich would deny going to Shane Miller’s house on October 19, 1988 or October 20, 1988.  Illich further stated in his affidavit as follows: “I have never seen Daniel W. Makiel have possession of a gun.  Daniel W. Makiel never gave me any indication, by either words or actions, that he had committed the robbery-murder of Katherine Hoch at 1007 Burnham Avenue, Calumet City, Illinois, on October 19, 1988.”  

Illich would also testify that the Cutlass automobile that Hlinko said Makiel used during the shooting was not capable of being driven.  Illich’s affidavit further contradicts the testimony provided by Allen Martin, another State witness.  Martin testified that he saw Illich, Makiel, and Hlinko in the Cutlass automobile the night of the shooting.  Illich’s testimony, according to his affidavit, would contradict Miller as to Illich being present and as to the Cutlass being driven.
 
 

The court’s conclusion that strategy was involved in not calling Illich as a witness was not supported by the record.  The record fails to support the court’s conclusion that “Defendant’s attorneys were aware of the published statement and concluded if Mr. Illich testified in this trial Mr. Illich’s testimony could be detrimental to the case.”  In fact the record rebuts that conclusion.  Illich was acquitted, which raises questions of fact regarding the court’s reasoning that trial strategy concerning the detrimental effect of Illich’s testimony motivated defense counsel’s decision not to subpoena or call Illich as a witness.  

According to the affidavit of Illich attached to the petition, Illich “was never contacted to be a witness by the defense.”  An attorney who fails to conduct reasonable investigation, fails to interview witnesses, and fails to subpoena witnesses cannot be found to have made decisions based on valid trial strategy.  
People v. Coleman
, 
267 Ill. App. 3d 895, 899 (1994).  Whether defense counsel was ineffective for failure to investigate is determined by the value of the evidence that was not presented at trial and the closeness of the evidence that was presented. 
 People v. Dillard
, 204 Ill. App. 3d 7, 10 (1990).  Attorneys have an obligation to explore all readily available sources of evidence that might benefit their clients. 
 Brown v. Sternes
, 304 F.3d 677, 692 (7th
 
Cir. 2002), citing
 Hall v. Washington
, 106 F. 3d 742, 749 (7th
 Cir. 1997).  Defense counsel has a professional obligation, both legal and ethical, to explore and investigate a client’s case. 
 People v. Morris
, 335 Ill. App. 3d 70, 79 (2002).  
Failure to conduct investigation and develop a defense has been found to be ineffective assistance. 
 People. v. Wright
, 111 Ill. 2d 18 (1986);
 Coleman
, 267 Ill. App. 3d 895. 
 Failure to present available witnesses to corroborate a defense has been found to be ineffective assistance. 
 People v. Solomon
, 158 Ill. App. 3d 432 (1987).

In
 People v. Garza
, 180 Ill. App. 3d 263, 268 (1989), we found ineffective assistance  when defense counsel failed to call alibi witnesses or to elicit inconsistencies from the State’s only eyewitness.  
In that case, the identification statements by the eyewitness were inconsistent.  The eyewitness twice selected other individuals from mug books and the identification was unreliable.  We further rejected the State’s argument that defense counsel’s failure to call witnesses, including an alibi witness, was trial strategy and we found no sound reason not to call the alibi witness. 
 Garza
, 180 Ill. App. 3d at 269.

In
 People v. Montgomery
, 327 Ill. App. 3d 180 (2001), defendant sought post-conviction relief alleging ineffective assistance of trial counsel.  We found the record at the first stage of the post-conviction process did not rebut allegations regarding defense counsel’s failure to investigate and present medical evidence demonstrating that the cause of the victim’s death was not homicide.  We recognized that trial counsel has a duty to conduct both factual and legal investigations on behalf of the client.  
Montgomery
, 327 Ill. App. 3d 180.  We reversed the dismissal of the post-conviction petition and advanced the petition to the second stage of the post-conviction process. 
 Montgomery
, 327 Ill. App. 3d at 191.

In the instant case, regarding ineffective assistance of trial counsel defendant alleged that  his trial attorney failed to interview or subpoena Illich as a witness.  Those allegations are unrebutted by the record.  The pleadings, affidavits and unrebutted record raise factual questions as to the nature and extent of the investigation undertaken by defense counsel prior to trial.  There are unanswered questions as to why trial counsel did not contact Illich.  The record raises questions of fact as to whether it was sound trial strategy for defense counsel not to subpoena Illich or call him as a witness.  The record raises questions of fact as to whether defense counsel’s strategy undermined defendant’s right to a fair trial.  Thus, at this second stage of the post-conviction process we conclude that defense counsel’s representation as alleged fails to satisfy the objective standard of reasonableness required under the deficiency prong of the
 Strickland
 test.

We next address whether the prejudice prong of the
 Strickland
 test regarding ineffective assistance of trial counsel in the context of this second stage of the post-conviction proceeding has been satisfied.  In order to establish prejudice “[t]he defendant must prove that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” 
 People v. Richardson
, 189 Ill. 2d 401, 411 (2000).  “A reasonable probability is a probability sufficient to undermine confidence in the outcome, namely, that counsel’s deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair.”  
Enis
, 194 Ill. 2d at 376-77, citing
 Strickland
, 466 U.S. at 694, 80 L. Ed. at 698, 104 S. Ct. at 2068. 

In
 People v. House
, 141 Ill. 2d 323, 386 (1990), trial counsel failed to investigate evidence that would have established that the victim described someone other than defendant at the scene.  Based on the closeness of the evidence, the Illinois Supreme Court found that the failure to conduct such investigation and present evidence was ineffective assistance of counsel which likely affected the outcome of the case. 
 House
, 141 Ill. 2d at 386.

In
 Coleman
, 267 Ill. App. 3d at 899, we granted a new trial after an evidentiary hearing on the post-conviction petition.  The
 Coleman
 court found that defense counsel’s failure to investigate the crime scene, failure to interview or subpoena witnesses, and failure to “pursue information in his possession which indicated that the victim had not been attacked as he reported to the police, but actually had been shot in his car,” supported the defendant’s allegations of ineffective assistance of trial counsel. 
 Coleman
, 267 Ill. App. 3d at 899.  The 
Coleman 
court concluded, “[W]e can attribute no conceivable valid trial strategy to counsel’s conduct.” 
 Coleman
, 267 Ill. App. 3d at 899.

Defense counsel’s failure to investigate by contacting Illich and failure to subpoena Illich raise questions of fact unanswered by the record.  There are questions of fact as to whether the failure to call Illich as a witness rendered the trial fundamentally unfair.  Those questions can only be resolved by consideration of matters that are outside the record.  
The record as developed up to this point in the proceeding reflects no strategic reason for defense counsel’s failure to contact, interview, subpoena, and call Illich as a defense witness.  The circuit court improperly dismissed defendant’s post-conviction petition without an evidentiary hearing regarding the allegation of ineffective assistance for failing to subpoena and call Illich as a witness.  That allegation demonstrates a substantial showing of a constitutional violation requiring an evidentiary hearing.

Based on the record, together with the nature of the alleged evidence precluded from the jury’s consideration as the result of defense counsel’s conduct, we find defendant’s allegation at this pleading stage of the post-conviction process satisfies the prejudice prong of the ineffective assistance of counsel claim.

B. Improper Fact Finding Based On Evidence Outside Record

At the dismissal stage of the post-conviction process, all well-pleaded facts in the petition and in any accompanying affidavits are taken as true.
  Towns
, 182 Ill. 2d at 503.  In determining whether to grant an evidentiary hearing, the court is prohibited from engaging in any fact finding. 
 Coleman
, 183 Ill. 2d at 380-81.  It is not intended that the petition be decided solely on the pleadings when the allegations implicate matters outside the record. 
 Coleman
, 183 Ill. 2d at 382.
 

As previously noted, defendant alleges in his post-conviction petition that his trial counsel provided ineffective assistance of counsel for failing to contact, subpoena, and call Illich as a witness at his trial.  In the instant case, the testimony of Illich clearly occurred outside the record.  Codefendant Sam Illich was acquitted in a separate trial which took place eight months before defendant’s trial.  The petition includes an affidavit from Illich in which Illich indicates he was never contacted by defendant’s trial counsel and that he would have provided evidence to impeach Todd Hlinko had he been called to testify on behalf of defendant at trial.  As previously noted, Illich would testify, according to his affidavit, that he was not with Makiel or Hlinko on the night of the shooting, in direct contradiction to Hlinko’s testimony.  The State’s case relied largely on the credibility of Hlinko.  Hlinko was a critical witness for the prosecution.

In granting the State’s motion to dismiss the petition, the circuit court ruled that defense counsel’s failure to call Illich as a defense witness was trial strategy not subject to judicial review in a post-conviction proceeding.  The court in its written ruling stated the following:

“The second allegation of ineffective assistance of counsel was that trial counsel failed to call Sam Illich petitioner’s co-defendant who had been acquitted in a separate trial 8 months prior to petitioner’s trial.  Mr. Illich’s defense was that he only saw defendant and Todd Hlinko the third inmate in their case on weekends and therefore, he could not have been with them since this murder was committed in mid week.

The petitioner’s trial counsel also had the transcript of the Sam Illich trial, in which the State published a statement that Mr. Illich gave (to the Calumet City police) after he was extradited from California in March 1989 which placed him at the scene of the crime at the time of the murder with Mr. Makiel and Mr. Hlinko.  Defendant’s attorneys were aware of the published statement and concluded if Mr. Illich testified in their trial Mr. Illich’s testimony could be detrimental to the case.  This was trial strategy not subject to judicial review in post-conviction proceedings.”

The circuit court’s conclusion that trial counsel had a strategic reason for not calling Illich as a witness – because counsel would have had Illich’s trial transcript which contained a statement of Illich’s published at his trial – was not based on the record.  The record, including defendant’s trial and post-conviction record, did not contain the transcript of the Illich trial.  The record, including defendant’s trial and post-conviction record, did not contain the statement that Mr. Illich gave to the Calumet City police after he was extradited from California.  In reaching the conclusion that defense counsel’s decision not to call Illich as a witness was trial strategy, the circuit court engaged in fact-finding.  In reaching this conclusion, the circuit court relied on a statement that was not published at defendant’s trial and was not made part of the record during defendant’s trial or post-conviction proceeding.  We are mindful that at the second stage of the post-conviction process the circuit court may resolve the State’s motion to dismiss a petition based on the facts in the record and supporting materials in defendant’s petition.  
People v. Moore
, 189 Ill. 2d 521, 532-33 (2000).  Motions to dismiss are generally limited to consideration of the petitioner’s allegations and the original trial record. 
 Moore
, 189 Ill. 2d at 533, citing 
Coleman
, 183 Ill. 2d at 381-82.  The prosecution may not provide evidentiary materials and the circuit court is not to consider evidence introduced by the State.  
Moore
, 189 Ill. 2d at 532-33.

In the instant case, the State did not improperly introduce evidence to support the conclusions reached by the circuit court.  Rather, the circuit court in dismissing the petition improperly relied upon matters outside the record to support its ruling. 
 Coleman
, 183 Ill. 2d at 380-81.  An evidentiary hearing is necessary when allegations raised in the petition can only be resolved by consideration of matters outside the record. 
 Coleman
, 183 Ill. 2d at 380-81.  Moreover, the circuit court is foreclosed from engaging in fact-finding at this second stage of the post-conviction process.  The Illinois Supreme Court in
 Coleman
 indicated as follows:

“Thus, at the dismissal stage of a post-conviction proceeding, whether under section 122-2.1 or under section 122-5, the circuit court is concerned merely with determining whether the petition’s allegations sufficiently demonstrate a constitutional infirmity which would necessitate relief under the Act.  Moreover, our past holdings have foreclosed the circuit court from engaging in any fact-finding at a dismissal hearing because all well-pleaded facts are to be taken as true at this point in the proceeding.” 
 Coleman
, 183 Ill. 2d at 380.

The court in
 Coleman
 recognized that factual disputes raised by the pleadings require determination of their truth or falsity and such determination cannot be made at a hearing on a motion to dismiss at either the first or second stage of the post-conviction process but, rather, can only be resolved by an evidentiary hearing. 
 Coleman
, 183 Ill. 2d at 391.  In the instant case, an evidentiary hearing is necessary because the circuit court engaged in fact finding and relied on matters outside the record in dismissing the allegation regarding defense counsel’s failure to call Illich as a witness.

We take no position on defendant’s ability to prove his allegation that trial counsel provided ineffective assistance by failing to interview Illich and subpoena him as a witness.  We find the petition and the record warrant proceeding to the evidentiary stage of the post-conviction process.  The petition and record raise questions of fact regarding whether trial counsel’s failure to interview and subpoena Illich as a witness violated defendant’s right to a fair trial.  The allegations of ineffective assistance of trial counsel at this point in the proceeding are unrebutted by the record.

We note that appellate counsel may “refrain from raising those issues which, in his judgment, are without merit, unless his appraisal of the merits is patently wrong.” 
 Barnard
, 104 Ill. 2d at 230.  For the reasons previously discussed, at this stage of the post-conviction process we cannot conclude the issue regarding ineffective assistance of trial counsel for failing to interview and subpoena Illich as a witness is without merit.
 
 An evidentiary hearing will provide a fully developed factual record regarding the allegation that trial and appellate counsel provided ineffective assistance.     

II. Ineffective Assistance of Appellate Counsel

Defendant contends an evidentiary hearing should have been conducted on the allegation that appellate counsel provided ineffective assistance.  Defendant supports this argument with the following conduct by appellate counsel which allegedly demonstrates ineffective assistance: (1) appellate counsel failed to challenge the trial court’s exclusion of defense evidence of a pending forgery charge against prosecution witness Allen Martin; and (2) appellate counsel failed to challenge the trial court’s ruling that precluded defense witness Brian Spodach from providing character evidence testimony against two witnesses for the State.  The circuit court did not separately address each of the petition’s allegations of error regarding evidentiary rulings made by the trial judge.  Rather, in dismissing the petition the circuit court, in general, found: “None of the issues raised in the second section of the petitioner’s claims substantiate any abuse of the trial court’s discretion.”  We will address each allegation in turn.

As previously noted, the two-pronged
 Strickland
 test applies to allegations of ineffective assistance of appellate counsel. 
 Caballero
, 126 Ill. 2d at 269-70.  A defendant who claims that appellate counsel was ineffective for failing to raise an issue on appeal must allege facts showing such failure was objectively unreasonable and that counsel’s decision prejudiced defendant. 
 Enis
, 194 Ill. 2d at 377.  Unless the underlying issue has merit, a defendant cannot be considered to have suffered prejudice from appellate counsel’s failure to brief that issue. 
 People v. Childress
, 191 Ill. 2d 168, 175 (2000).

A. Appellate Counsel’s Failure to Challenge Court’s Ruling

Barring Evidence of Pending Forgery Charge

Defendant’s supplemental petition alleges he was denied a fair trial in violation of the United States and Illinois Constitutions because “[t]he trial court denied the defendant his Sixth Amendment Right to Confrontation when it barred the defense from questioning Allen Martin about any possible bias or motive to fabricate due to a forgery charge Martin had pending against him.  The defense was also improperly barred from ‘proving up’ the charge against Martin once he denied it even existed.”   Defendant further alleges that appellate counsel provided ineffective assistance of counsel “to the extent appellate counsel failed to raise” the above noted issue.

We note that the State incorrectly argues that defendant is precluded from raising this issue because it was not raised in his post-conviction petition.  The State’s argument is contradicted by the record, which reflects that defendant raised this issue in a supplemental post-conviction petition.  That supplemental petition together with the original petition was addressed by the circuit court when the court granted the State’s motion to dismiss.  Accordingly, we find the
 case of
 People v. Jones
 is inapplicable. 
 People v. Jones
,
 
211 Ill. 2d 140 (2004) (issue not alleged in post-conviction petition cannot be raised on appeal).

During cross-examination of Allen Martin, defense counsel asked Martin if he had a pending forgery charge.  The State did not object to this question.  Martin denied that such a charge was pending.  Out of the presence of the jury defense counsel informed the court he wanted to impeach Martin by introducing evidence of the pending forgery charge in the form of a certified copy of the charge.  During the discussion out of the presence of the jury, the State did not contest the fact that Martin had a pending forgery charge.  However, the State did ask that the testimony regarding a pending forgery charge be stricken, and the jury be instructed to disregard it.  The State argued that “the defense didn’t elicit a question that there was any type of agreement between him and the State, and there isn’t.  And therefore, its not proper, and I would ask that it be stricken.”  The trial judge refused that request, but instructed the State and defense not to comment on it.  Defense counsel argued that Martin lied by denying he had a pending forgery charge, and the defense should be allowed to impeach Martin’s credibility regarding that lie with the certified copy of the pending forgery charge.  The trial court would not allow defense counsel to impeach prosecution witness Allen Martin.  The trial court indicated: “If the State had elicited or raised an objection right at the point of the question, I would have sustained it before he even answered that yes or no, because an arrest would have made no difference.”  

Evidence that a witness has been arrested or charged with a crime is a proper subject for cross-examination where it would reasonably tend to show that the testimony of the witness might be influenced by bias, interest or motive to testify falsely.
  People v. Triplett
, 108 Ill. 2d 463, 475-76 (1985).
  The court explained in
 Triplett
 as follows: 

“Therefore, although evidence of an arrest or indictment is not admissible to impeach credibility generally, it is admissible to show that the witness’ testimony may be influenced by bias, interest, or motive to testify falsely.  ***  Furthermore, when impeaching by showing bias, interest or motive, ‘the evidence used must give rise to the inference that the witness has something to gain or lose by his testimony’ and, therefore, the evidence used must not be remote or uncertain.  [Citations.]  ***  In addition, the defendant need not show before cross-examining a witness as to the witness’ possible bias, interest, or motive ‘that any promises of leniency have been made or any expectations of special favor exist in the mind of the witness. [Citation.]  Further defense counsel is entitled to inquire into such promises or expectations whether based on fact or imaginary.  [Citations.]’ ”
  Triplett
, 108 Ill. 2d at 476.

In the context of the ineffective assistance claim, the issue to be determined at this stage of the post-conviction process is whether the petition alleges a substantial constitutional deprivation unrebutted by the record which requires an evidentiary hearing. 
 Coleman
, 183 Ill. 2d at 381.  The defendant’s fundamental right to confront witnesses against him, including cross-examination for the purpose of impeaching credibility, is guaranteed by both the federal and state constitutions.  U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8.  Such cross-examination may concern any matter that goes to explain, modify, discredit, or destroy the testimony of the witness. 
 People v. Aughinbaugh
, 36 Ill. 2d 320, 325-26 (1967);
 People v. Averhart
, 311 Ill. App. 3d 492 (1999).  The jury is entitled to details of the theory of defense so it can make an informed judgment, and the right to cross-examination is satisfied when counsel is permitted to “expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness. ”
  Davis v. Alaska
,
 
415 U.S. 308, 318, 39 L. Ed. 2d 347, 355, 94 S. Ct. 1105, 1111 (1974).

Limitation of a defendant’s cross-examination of the bias, motive, or interest of a witness may violate a defendant’s constitutional right to confront the witnesses against him guaranteed by both the federal and state constitutions.  U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §8.
  The jury is entitled to know the nature of the criminal charges pending against a witness in order to have complete information “so as to be better able to resolve the bias question.” 
 People v. Reese
, 121 Ill. App. 3d 977, 988 (1984).  Cross-examination to demonstrate a witness may be vulnerable to pressure, whether real or imagined, from the State regarding a pending charge is a matter of right. 
 People v. Tomes
, 284 Ill. App. 3d 514, 520 (1996).  “To this end a defendant has the right to cross-examine a witness regarding pending criminal charges without first establishing that the witness was promised something in return for his testimony.” 
 People v. Ciavirelli
, 262 Ill. App. 3d 966, 977 (1994). 

“[C]ross-examination is proper whenever the prosecution has sufficient ‘leverage’ over the witness justifying the defendant’s claim that the witness has an interest or bias, or that there is corruption or coercion that would tend to make the witness testify falsely.”  M. Graham, Cleary & Graham’s Handbook of Illinois Evidence section 607.7 at 436-37 (7th ed. 1999).  In the instant case, the record raises questions of fact as to whether the prosecution had ‘leverage’ over Allen Martin, thereby justifying defendant’s claim that Martin had an interest or bias in providing testimony favorable to the State.  The record reflects contradictory evidence regarding the forgery charge.  Martin denied having a pending forgery charge.  The defense offered a certified copy of Martin’s pending forgery charge.  The State did not deny the pending forgery charge; however, the State objected to introduction of the certified copy.  That objection was sustained by the trial judge.  

In the instant case, the record raises questions of fact as to whether cross-examination of Martin regarding his pending forgery charge would reasonably tend to show that his testimony was influenced by bias, interest, or motive to testify falsely.  Defense counsel was prohibited from providing evidence to impeach the credibility of Allen Martin with the certified copy of the pending forgery charge.  Limitation of defense counsel’s impeachment demonstrated an alleged constitutional deprivation unrebutted by the record. 

The petition and the record raise questions of fact as to whether the trial court violated defendant’s right to a fair trial by refusing to allow defense counsel to impeach Allen Martin with his pending forgery charge.  The unrebutted allegation raises unanswered questions of fact as to what strategy motivated appellate counsel to not challenge the trial court’s ruling excluding evidence impeaching Martin’s credibility with the pending forgery charge.  The petition raises unanswered questions of fact as to whether the prosecution had leverage over Martin justifying defendant’s allegation that Martin had a possible bias or motive to fabricate due to the pending forgery charge.  These questions can only be answered by matters outside the record, thereby demonstrating the need for an evidentiary hearing. 
 Coleman
, 183 Ill. 2d at 380-81 (evidentiary hearing is necessary when allegation in petition can only be resolved by consideration of matters outside the record).

B. Appellate Counsel’s Failure to Challenge Trial

Court’s Ruling Barring Character Testimony

Defendant alleged in his original petition that he was denied a fair trial in violation of the United States and Illinois Constitutions because “[t]he court improperly refused to allow the defense to question Brian Spodach regarding Shane Miller’s and Allen Martin’s reputation for truthfulness and veracity.”  The defendant further alleged he was denied the effective assistance of appellate counsel “to the extent appellate counsel failed to raise” the above noted issue. 

The State called as witnesses Shane Miller and Allen Martin to corroborate the testimony of codefendant Todd Hlinko, who testified for the State against defendant.  Hlinko’s testimony was crucial to the State’s case and provided direct testimony regarding the homicide.  Allen Martin testified that he saw defendant and Hlinko at the gas station around 11 p.m.  Hlinko testified that on October 19, 1988, he and defendant went inside the Mobil gas station in Calumet City located at the corner of Michigan City Road and Burnham Avenue.  Defendant pointed a gun at Katherine Hoch and led her into a back room.  As Hlinko acted as a lookout he heard defendant demand money from Hoch, heard noises like drawers slamming, and heard a single gunshot.  Defendant then exited the back room, holding the gun and a purse, and went behind the counter to the cash register.  Defendant picked up an envelope from the cash register and took two packs of cigarettes, handing them to Hlinko.  Hlinko saw no one else in the station at the time.

Hlinko further testified that they went to Shane Miller’s house and picked up Miller.  Miller testified that, while at defendant’s house, he was told about the robbery and shooting.  He later saw Hlinko throw something out of the car and he was told by Hlinko that it was a gun.  Miller also testified that Brian Spodach picked him up from defendant’s house.

The defense called Brian Spodach as a witnesses to contradict Miller’s testimony.  Spodach denied ever picking Miller up from defendant’s house.  The defense also called Spodach to impeach both Allen Martin and Shane Miller by testifying as to their reputations in the community for truthfulness and veracity.  However, the trial court refused to allow Spodach to testify as to the reputations of Martin and Miller for truthfulness and veracity as demonstrated by the following exchange:

“DEFENSE COUNSEL: Brian, do you know Shane Miller’s reputation among your friends, and in the community?  Do you know his reputation for truth and veracity?

THE STATE: Objection.

THE STATE: Objection, Judge.

THE COURT: Sustained.

DEFENSE COUNSEL: Do you know Allen Martin's reputation among your friends and among the community of people that you know for truth and veracity?

THE STATE: Objection.

THE COURT: Sustained.

DEFENSE COUNSEL: Were Allen Martin and Shane Miller among the friends that you have?

SPODACH: Yes.

DEFENSE COUNSEL: And Shane Miller and Allen Martin knew other friends you had, is that right?

SPODACH: Yes.

DEFENSE COUNSEL: And you saw them over a period of

years, is that right?

SPODACH: Yes.

DEFENSE COUNSEL: And you have talked to other people in the community, is that right, about these people?

THE STATE: Objection.

THE COURT: Sustained.” 

During a sidebar out of the presence and hearing of the jury defense counsel argued that he should be allowed to offer evidence of the character and reputation of a witness for truth and veracity.  The trial court refused to allow Spodach to testify as to the reputation of Miller and Martin for truthfulness and veracity, ruling as follows: “I won’t let you, you can’t have a person rebut the testimony of someone else, and then through that person rebut another person as to what his character is.”  Defense counsel made an offer of proof as to Spodach’s testimony indicating that Spodach would have testified that Miller and Martin both had reputations in the community as liars.  As previously noted, defendant’s petition alleged the trial court denied him a fair trial by barring the reputation testimony and that appellate counsel was thereby ineffective for failing to raise this issue.

A witness may be impeached by testimony showing generally a poor reputation for truth and veracity. 
 People v. Rosario
, 180 Ill. App. 3d 977, 982 (1989); 
People v. Nash
, 36 Ill. 2d 275, 280 (1967) (it is permissible to show that a witness has a bad reputation for truth and veracity).  In the instant case, Spodach had knowledge regarding the reputations of Martin and Miller for truth and veracity based upon contact with members of the community.  Accordingly, Spodach was called upon to provide reputation testimony. 
 In re Brooks
, 63 Ill. App. 3d 328, 342 (1978). 
 

We are mindful that a defendant who alleges that appellate counsel’s assistance was ineffective must show that counsel’s decision not to raise the issue was objectively unreasonable and that this decision prejudiced defendant. 
 People v. Flores
, 153 Ill. 2d 264, 283 (1992).  The State argues, “In this case, it is obvious that appellate counsel would not have offered a successful challenge because petitioner could not establish what Spodach would have testified to if he had been able to testify.”  This argument by the State is contradicted by the record.  The record reflects an offer of proof made by defense counsel during trial specifically articulating what Spodach would have testified to regarding the reputation of Miller and Martin if the trial judge had allowed Spodach’s testimony.  Defense counsel made the following offer of proof:

“DEFENSE COUNSEL: Judge, I did have just one offer of

proof just to make my record complete, a witness by the name of

Brian - - when I was questioning the witness, Brian Spodach, I asked the question, ‘Do you know the reputation of Shane Miller in the community for which he  lives for truth and veracity,’ and the State made an objection and the court sustained it.

My offer of proof would be if he were to answer that question he would say that Shane Miller was a liar and that is his reputation in the community where he lives.

I was also intending on asking the same question about Allen Martin.  I believe I did and that objection was also sustained.  He would say that Allen Martin is also a person who does not tell the truth, who lies and that's his reputation in the community where he associates with those friends.  That’s my offer of proof.”  

The jury is entitled to the details of the theory of defense so it can make an informed judgment.  See 
Davis v. Alaska
, 415 U.S. 308, 39 L. Ed. 2d 347, 94 S. Ct. 1105 (1974).  In the instant case, defense counsel was precluded from impeaching the credibility of two state witnesses with testimony regarding their poor reputation in the community for truth and veracity.  T
he petition and the record raise questions of fact regarding whether the trial court’s refusal to allow the reputation evidence deprived the jury of information regarding the credibility of Martin and Miller, thereby depriving defendant of the right to a fair trial.  The allegations of ineffective assistance of appellate counsel for failing to raise these errors are unrebutted by the record.  The
 
petition raises unanswered questions of fact as to the strategy which motivated appellate counsel to not challenge the trial court’s ruling excluding reputation evidence.  

We are mindful that appellate counsel may “refrain from raising those issues which in his judgment, are without merit, unless his appraisal of the merits is patently wrong.” 
 Barnard
,
 
 104 Ill. 2d at 230.  The petition raises questions as to whether appellate counsel’s failure to challenge the trial court’s ruling excluding reputation evidence and excluding impeachment with the pending forgery charge demonstrated ineffective assistance of counsel.  For the reasons previously discussed, at this pleading stage of the post-conviction process, the allegations of ineffective assistance of appellate counsel demonstrate a substantial showing of a constitutional violation so as to require an evidentiary hearing.  We take no position on defendant’s ability to prove his ineffective assistance claims.  However, an evidentiary hearing will provide a fully developed factual record regarding the allegations of ineffective assistance of appellate counsel.

CONCLUSION

The allegations regarding trial counsel’s failure to contact, subpoena, and present defense witness testimony from Illich are not positively rebutted by the record.  The circuit court in dismissing the petition in the context of the allegations regarding Illich improperly relied upon matters outside the record to support its ruling.  
Coleman
, 183 Ill. 2d at 380-81.  The allegations of appellate counsel’s failure to challenge the trial court’s exclusion of reputation evidence and exclusion of impeachment with a pending forgery charge are not positively rebutted by the record.  The pleadings, affidavits, and record raise unanswered questions of fact.  Unless positively rebutted by the record, factual disputes raised by the pleadings require determination of their truth of falsity and cannot be resolved at a hearing on a motion to dismiss at the second stage of the post-conviction process. 
 Coleman
, 183 Ill. 2d at 381.    

We are mindful that the instant case presents review of a second-stage dismissal of a post-conviction petition.  Whether the petition, record, and any accompanying documents make a

substantial showing of a constitutional violation is a second-stage inquiry.  For the reasons previously discussed, the allegations of ineffective assistance of trial and appellate counsel satisfy both prongs of the
 Strickland
 test at this pleading stage of the post-conviction process.  At this stage of the proceeding, taking all well-pleaded facts as true, we find the allegations of the petition, supported by the record and accompanying documents, demonstrate a substantial showing of a constitutional violation.  These allegations raise questions of fact to be resolved by a hearing at the third stage of the post-conviction process.  Based on the record, we find the petition survives second-stage dismissal and shall advance to the third stage of the post-conviction process for an evidentiary hearing.  At the hearing it is to be determined whether defendant has been denied effective assistance of counsel as guaranteed by the sixth amendment of the United States Constitution and article I, section 8 of the Illinois Constitution.

Our holding is limited to the conclusion that defendant is entitled to an evidentiary hearing at the third stage of the post-conviction process regarding these allegations.  We emphasize that we make no determination regarding the outcome of that hearing.  We take no position on defendant’s ability to prove his allegations of ineffective assistance of trial and appellate counsel.  We reverse the judgment of the circuit court dismissing the post-conviction petition and remand for an evidentiary hearing.  The dismissal order is vacated; the petition is to be docketed for a third-stage evidentiary hearing consistent with this opinion and consistent with the terms provided by section 122-6 of the Post-Conviction Hearing Act.  725 ILCS 5/122-6 (West 2000).

Reversed and remanded for proceedings consistent with this opinion.

McNULTY and TULLY, JJ., concur.